ALONZO G. BROOKS, as Trustee under a Certain Trust Indenture Bearing Date the 6th Day of August, 1931, Executed by MARINELLI CONSTRUCTION CORPORATION for the Benefit of Certain Lienable Creditors of Said MARINELLI CONSTRUCTION CORPORATION Whose Claims Arose Out of the Construction of Section F of the Hutchinson Project Sewer, So-called, Appellant, Respondent, v. MARINELLI CONSTRUCTION CORPORATION and Others, Defendants; THE FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent, Appellant.— From an order denying plaintiff's motion to strike out the first counterclaim of defendant The Fidelity & Casualty Company of New York and granting the plaintiff's motion to strike out the same defendant's second counterclaim, both plaintiff and said defendant appeal. Order affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

ALEXANDER H. CARROAD, as Trustee in Bankruptcy of YONKERS CONTRACTING COMPANY, INC., Appellant, v. THE YONKERS NATIONAL BANK AND TRUST COMPANY, Respondent, Impleaded with ANTHONY CIANCIULLI, Defendant.— In an action to recover corporate moneys alleged to have been converted by indorsements of checks without authority, the proceeds of which the defendant bank permitted the indorser to use personally, judgment dismissing the complaint unanimously affirmed, with costs. In our opinion, the appellant failed to prove lack of authority in Cianciulli to indorse the corporate checks. On the contrary, it was shown that Cianciulli's personal account and that of the corporation were used interchangeably for payment of the company's obligations during all of the period in which the checks in question were drawn. It further appears that the company is a close corporation, used as a convenient adjunct for Cianciulli's operations, and, in fact, that Cianciulli had been permitted to use corporate checks as he willed. Under the circumstances, there is a complete failure of proof as to conversion. Present — Hagarty, Davis, Johnston, Adel and Close, JJ.

ANTONIA ESATTO, as Administratrix, etc., of GIUSEPPE ESATTO, Plaintiff, v. THE LONG ISLAND RAILROAD COMPANY, Defendant.— Plaintiff, as administratrix, brought this action to recover damages for the death of her husband, who was fatally injured when, as alleged, he was struck by one of defendant's trains. At the close of plaintiff's case the trial court dismissed the complaint on the ground that a cause of action had not been established, but suspended the entry of judgment and directed that plaintiff's exceptions be heard by this court in the first instance. Plaintiff's exceptions unanimously overruled and judgment dismissing the complaint directed to be entered, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.